UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

RICKY A. PHILLIPS          )
                                   )

V.                            )              NO. 2:08-CV-48
                                 )

MICHAEL J. ASTRUE,       )
Commissioner of Social Security   )

REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge under the standing orders of this Court and 28 U.S.C. § 636 for a report and recommendation with regard to the plaintiff's Motion [Doc. 21] for attorney fees under the Equal Access to Justice Act ["EAJA"] at 28 U.S.C. § 2412(d)(1)(A).

Senior United States District Judge R. Leon Jordan remanded this action [Doc. 17] to the Commissioner for further evaluation of the plaintiff's claim at the fifth step of the sequential evaluation process where the Commissioner must establish that other work exists in the national economy which the plaintiff can perform given his residual functional capacity and vocational factors. In order to establish the existence of such jobs, the Administrative Law Judge ["ALJ"] utilized the testimony of Dr. Norman Hankins, a vocational expert ["VE"].

Prior to the hearing before the ALJ, with respect to the plaintiff's claim of a severe mental impairment, the ALJ obtained a consultative psychological examination from Dr. Sharon Joseph, a clinical psychologist. At the administrative hearing, the ALJ asked Dr. Hankins a hypothetical which asked him to consider "the intellectual endowment reflected in" Dr. Joseph's report. However, in his hearing decision, the ALJ found the plaintiff's residual functional capacity to include "the mental limitations" contained in Dr. Joseph's report. These

mental limitations included not only intellectual limitations but also her opinion that the plaintiff's recent memory was moderately impaired and his concentration was mildly to moderately impaired. In his memorandum opinion [Doc. 16], Judge Jordan found that because the hypothetical to the VE did not include the mental limitations found by Dr. Joseph which were included in the ALJ's finding on residual functional capacity, Dr. Hankins' testimony did not constitute substantial evidence and the case was remanded for the Commissioner to address this issue. This was the sole basis for the remand. Judge Jordan agreed with the Commissioner in all other respects.

28 U.S.C. § 2412(d)(1)(A) provides that a "prevailing party" other than the United States in any civil action, except for tort cases, may file a timely motion for "fees and other expenses" incurred "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Section 2412(d)(2)(D) defines "position of the United States" as meaning "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based;..." In other words, the position taken at the agency level, as well as in this judicial appeal, must be "substantially justified."

However, it is immaterial when gauging whether the position was "substantially justified" that there was not substantial evidence to support the ALJ's findings on the merits. *Jankovich v. Bowen*, 868 F.2d 867,870 (6th Cir. 1989). The government's position is substantially justified if it is justified to a degree that would satisfy a reasonable person, that is, if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565-66, n. 2 (1988). It does not mean "'justified to a high degree...'" *Id.*, at 566. Also, the district court

2

at the EAJA stage must take a fresh look at the case from an EAJA perspective, and reach a judgment on fees and expenses independent from the ultimate merits decision. *Fed. Election Comm'r v. Rose*, 806 F.2d 1081, 1087-90 (D.C. Cir. 1986).

In its opposition to the award of EAJA attorney fees and expenses, while the defendant concedes that the plaintiff's application is timely and that the plaintiff was the "prevailing party," the defendant asserts that its position was substantially justified, and that "the government had at least a reasonable basis in law and fact for its position that the hypothetical question reasonably incorporated all of Plaintiff's mental limitations...." and that "it was reasonable for the ALJ to believe that the VE would likely also have considered Plaintiff's memory problems." [Doc. 24, pg. 4].[1]

In his brief in support of his motion for judgment on the pleadings, which led to Judge Jordan's decision to remand, the first and primary argument made by the plaintiff was that the hypothetical to Dr. Hankins only included the deficit in "intellectual endowment" opined by Dr. Joseph, while leaving out her opinions regarding plaintiff's near memory and concentration. On page 15 of his 16-page response [Doc. 14], the Commissioner addresses this argument by saying that "in considering a limitation on Plaintiff's intellectual abilities, the VE would have considered Plaintiff's moderate impairment of recent memory." As to the mild to moderate impairment found by Dr. Joseph regarding plaintiff's ability to concentrate, the Commissioner says "Dr. Joseph stated that Plaintiff's concentration was only mildly impaired." Dr. Joseph said what she said, and Judge Jordan's memorandum states that she found a "mild

---

[1] The defendant likewise does not contend that the amount of the fee and expenses claimed is unreasonable.

to moderate" impairment of plaintiff's ability to concentrate.

These were not trivial miscues, but substantial, and not only substantial in the sense that they led to Judge Jordan's remand order, but in the sense that it was unreasonable not to see that the ALJ's ruling was flawed by the failure to address them in the question to Dr. Hankins. The Commissioner has fought hard and fair in this action, as is the custom, but this position was not substantially justified in law and fact.

The only other issue raised by the Commissioner is that if the present Motion is granted, the fees and costs should go to "the prevailing party," the plaintiff himself, rather than directly to the attorney, since counsel has not presented an agreement including assignment of fees. The Commissioner states that if plaintiff's counsel would submit evidence of such an assignment, the defendant would not object to ordering the fee and costs payable to plaintiff's counsel. It is respectfully recommended that the Motion [Doc. 21] be GRANTED. It is further recommended that plaintiff file a supplement to the Motion to show evidence of such an assignment of fees within 10 days of entry of this report and recommendation, or a supplement stating that assignment of fees and costs was not part of the fee agreement.[2] If plaintiff's counsel does the former, then he should be paid directly for the requested fee and expenses. If the later, then the monies should be remitted to the plaintiff himself.

Respectfully submitted:


  s/ Dennis H. Inman
United States Magistrate Judge

---

[2]Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).

5